54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Claude L. VALOT; Barbara Valot, Plaintiffs-Appelants,
v.
Morris D. ENGLISH, Sr.; Morris D. English, Jr.; Wellington
Group No. 5, a California limited partnership; Wellington
Group No. 6, a California limited partnership; TWG Service
Corp, Real Estate Securities Corp & Their Parent Companies;
W. Darrow Fiedler Property Management Co.; Remax Beach
Cities; Sydney K. Syvertson; Diane Syvertson; Stephan
Hasselton; ICH Corp.; Integrated Resources, Inc. & Their
Parent Companies, Wellington Investor Services, Inc.;
Wellington Insurance Services, Inc., Defendants-Appellees.
 No. 94-55953.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara Valot and Claude Valot appeal pro se the district court's dismissal of their action against the defendants for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's determination of subject matter jurisdiction. See Reebok Int'l Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir. 1992).
 
 
 4
 Here, the Valots, in their amended complaint, alleged diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332. A party asserting diversity jurisdiction must allege complete diversity of citizenship. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) ("diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff" (emphasis in the original)). Moreover, for purposes of diversity, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. See 28 U.S.C. Sec. 1332(c)(1); Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A., 20 F.3d 987, 990 (9th Cir. 1994).
 
 
 5
 Here, from the face of the amended complaint, it is clear that complete diversity is lacking. The Valots are citizens of California as are many of the defendants. Given these circumstances, the district court correctly found no diversity jurisdiction. See 28 U.S.C. Sec. 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74. Moreover, the body of the complaint does not allege any basis for federal question jurisdiction pursuant to 28 U.S.C. Sec. 1331.
 
 
 6
 This case was on remand from the Ninth Circuit. See Valot v. Wellington Group No. 5, No. 93-55407, unpublished memorandum (9th Cir. Dec. 20, 1993). The district court originally had dismissed the action for failure to state a claim. We observed that the Valots' original complaint appeared to allege a violation of "the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq., in relation to the defendants' involvement in the foreclosure on real property owned by the Valots," and remanded the action to the district court with instructions to give the Valots notice of the deficiencies in the original complaint and an opportunity to amend. See Valot, No. 93-55407 at 3. Upon remand, the district court provided the Valots with a detailed order, outlining the deficiencies in the original complaint and indicating what the Valots must do to properly amend their complaint, including the requirements for a properly plead RICO claim. In filing their amended complaint, however, the Valots elected to abandoned their RICO claim. Given these circumstances, remand to grant the Valots yet another opportunity to amend their complaint is not warranted.
 
 
 7
 Finally, the Valots allege that the district court erred by dismissing their action without a prior oral hearing. Here, given that the amended complaint was clearly defective on its face, despite the district court's detailed pleading instruction, the Valots were not prejudiced and the district court did not err by deciding the defendants' motion to dismiss without an oral hearing. See Fernhoff v. Tahoe Regional Planning Agency, 803 F.2d 979, 983 (9th Cir. 1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3